Roger S. Owers (SBN 022965)
Owers@SacksTierney.com
Janet E. Jackim (SBN 010939)
Jackim@SacksTierney.com
SACKS TIERNEY P.A.
4250 N. Drinkwater Blvd., 4th Floor
Scottsdale, AZ 85251-3693
Telephone: 480.425.2600
Facsimile: 480.970.4610
*Attorneys for Judgment Creditor*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

In Re:

STANFORD LERCH AND SUSAN LERCH,

      Debtors.

No. 2:14-bk-16376-BKM

Chapter 11

**CREDITOR'S MOTION TO EXTEND DEADLINE TO FILE COMPLAINT OBJECTING TO DISCHARGABILITY OF JACKIM LAW GROUP LLC DEBT PURSUANT TO 11 U.S.C. § 523 (C)**

Judgment creditor JACKIM LAW GROUP LLC ("Movant") hereby files this Motion to Extend Deadline to File Complaint Objecting to Dischargability Pursuant to 11 U.S.C. § 523 (c) ("Motion") for ninety (90) days from the upcoming February 2, 2015 deadline imposed by Rule 4007 (c), Fed. R. Bankr. P. This Motion is supported by the Memorandum of Points and Authorities included below.

## MEMORANDUM OF POINTS AND AUTHORITIES

I.    <u>Relevant Facts</u>.

1.    Debtors filed their voluntary Chapter 11 bankruptcy petition on October 30, 2014. Dkt. #1.

2.    The first meeting of creditors ("First Meeting") was held on December 2, 2014 (the "First Meeting"). Dkt. #36.

3.    An unsecured creditors committee has not been constituted. Dkt. #40.

4.    Debtors have not yet filed their disclosure statement and plan of reorganization. See Dkt. generally. Pursuant to 11 U.S.C. § 1121 (b), Debtors have the

exclusive right to file a plan of reorganization for 120 days after the petition filing date, which in this case would be early March, 2015.

5. Debtor Stanford Lerch ("Mr. Lerch") has been licensed to practice law in Arizona for over fifty (50) years. He is currently suspended from the practice by the Arizona Supreme Court. See Declaration of Janet Jackim attached as Exhibit "1" (the "Jackim Declaration"), ¶ 7.

6. Movant provided legal services to Debtors with respect to Maricopa County Superior Court litigation and related disciplinary actions against Mr. Lerch. Id., ¶ ¶ 4, 5.

7. Despite numerous promises to pay, Debtors failed to pay Movant for legal services rendered to them and ultimately Movant filed for and obtained a judgment against Debtors in the amount of $92,531.93 plus costs and interest on August 12, 2013 in Jackim Law Group LLC v. Stanford E. Lerch and Susan Lerch et al., CV2012-056167, Maricopa County Superior Court (the "Judgment"), attached to the Jackim Declaration as Exhibit "A".

8. Movant recorded the Judgment in the Official Records of Maricopa and Yavapai Counties, Arizona. See Jackim Declaration, ¶ 10.

9. Movant attempted post-judgment collection efforts including, inter alia, a judgment debtor examination pursuant to A.R.S. § 12-1631(A)(1) and Rule 69, Ariz.R.Civ.Proc., with which Debtors did not fully comply. Id., ¶ 11.

10. Additional post-judgment collection efforts ceased on Debtors' filing of their bankruptcy petition. Id., ¶ 12.

11. No party has moved this Court for an Order permitting a Rule 2004 of the Debtors, but Movant will request same in the near future. See Dkt. generally; Jackim Declaration, ¶ 13.

12. Debtors own a condominium in Phoenix, Arizona, which they declare to be their homestead, and a home in Jerome, Arizona, that is not their homestead (the "Jerome House"). See Dkt. 26, pp. 3, 9.

13. Movant is a judgment lien creditor on title to the Jerome House. See Jackim

Declaration, ¶ 14.

14. Debtors have not offered an appraisal of the value of the Jerome House but list its market value as $180,000, with secured debt totaling $197,000. See Dkt. 26, p. 3.

15. On information and belief, the market value of the Jerome House may be greater than $300,000. See Jackim Declaration, ¶ 16.

16. Debtors also own accounts receivable for attorneys' fees and costs charged by Mr. Lerch to his or his firm's clients. Id., pp. 6, 7.

17. Pursuant to Rule 4007 (c), Fed. R. Bankr. P., the deadline for filing a complaint objecting to the dischargability of a debt under 11 U.S.C. § 523 (c), as applied to Debtors' case, is February 2, 2015. Dkt. 17.

II. Authorities.

Rule 4007, Fed. R. Bankr. P. permits a creditor to move for an extension of time to file an objection to the dischargability of a debt, provided there is good cause, notice and a hearing. See Rule 4007 (c), Fed. R. Bankr. P.

The Honorable James M. Marlar described the appropriate standard against which a creditor's request for an extension of time to file such an objection should be judged. In *In re Engle*, No. 4:08-bk-06355-JMM (Bankr. Ariz. 9/9/2008) (Bankr. Ariz. 2008), Judge Marlar cited the following standard:

> A creditor having notice of the bankruptcy must show "due diligence." The power to extend deadlines for objecting to discharge or nondischargeability complaints rests entirely within the discretion of the bankruptcy judge and should not be granted without a showing of good cause, and without proof that the creditor acted diligently to obtain facts within the bar date to file a timely complaint, but was unable to do so. . . . The power is to be exercised cautiously . . ." *In re Farhid*, 171 B.R. 94, 96-97 (N.D. Cal. 1994).

Movant submits that, unlike the facts of the *In re Engle* case, there is good cause for this Court to grant the ninety (90) day extension requested by Movant herein.

A. The Parties' Position On This Motion. Debtor does not object to the extension requested herein and the office of the United States Trustee takes no position on the request.

B. <u>Debtors' Filings Were Delayed</u>. Although the petition was filed on October 30, 2014, the Debtors' Schedules, Statement of Financial Affairs and Statement of Current Monthly Income were not filed until November 20, 2014. See Dkt. ## 26 - 28. Debtors made substantive modifications to Schedule B on December 1, 2014. See Dkt. 34. Those modifications require additional time for detailed examination and analysis.

C. <u>Movant Needs Additional Time for a Rule 2004 Examination</u>. Movant intends to file a Motion requesting this Court's Order permitting the Rule 2004 examinations of, and the production of documents from, Debtors. Assuming that this Motion is granted, Rule 2004 exams of Debtors would likely be scheduled for March, 2015. The Rule 2004 exams of Debtors and their production of the requested documents are expected to provide additional information, inter alia, on: (i) the value of and income from Debtors' Jerome House; (ii) Debtors' preferential payments to lenders whose liens encumber the Jerome House; and (ii) various accounts receivable owed to Mr. Lerch from his law practice. In the event the value of the Jerome House exceeds the secured interests of lenders, Movant may be a secured creditor pursuant to the Judgment.

III. <u>Conclusion</u>. Movant intends to hold Rule 2004 examinations of Debtors in March, 2015, which is after the deadline for objecting to the dischargability of a debt pursuant to Rule 4007 (c), Fed. R. Bankr. P. The results of these examinations and attendant production of documents are critical to analyzing whether grounds for objecting to the dischargability of the Judgment exist in this case. Given the timing of these examinations and the Debtors' delayed filing of their Schedules and SOFA and subsequent modification to Schedule B, Movant urges this Court to find the existence of good cause and grant Movant a ninety (90) day extension of the deadline for filing such objections from the due date of February 2, 2015 to May 3, 2015.

Movant does not anticipate that objections will be filed to this Motion and pursuant to Local. R. Bankr. P. 9013-1 contends that no hearing will be required.

RESPECTFULLY SUBMITTED this 28th day of January, 2015.

By: /s/ Roger S. Owers
Roger S. Owers, Esquire
*Attorneys for Judgment Creditor*

ORIGINAL of the foregoing filed electronically
this 28th day of January, 2014 with:

United States Bankruptcy Court
Phoenix Division
230 North First Avenue, Suite 101
Phoenix, Arizona 85003-1706

And all persons requesting electronic notice.

COPY of the foregoing sent by e-mail
this 28th day of January, 2015, to:

Patty Chan
Office of the United States Trustee
230 N. First Avenue, Suite 204
Phoenix, AZ 85003-1706
Patty.Chan@usdoj.gov
*Trustee*

Adam Hauf
Law Office of Adam Hauf
4225 W. Glendale
Suite A104
Glendale, AZ 85051
admin@hauflaw.com

/s/ Tina M. Dancer

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693